1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| **GREGORY HESSLER**, individually and as the representative of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**PROGRESSIVE CASUALTY INSURANCE COMPANY**,<br><br>Defendant. | Case No. 3:22-CV-05904<br><br>**NOTICE OF REMOVAL**<br><br>(Removed from the Superior Court of the State of Washington, in and for the County of Pierce,<br>Case No. 22-2-09668-9) |

<u>**DEFENDANT'S NOTICE OF REMOVAL**</u>

Defendant Progressive Casualty Insurance Company ("Progressive") hereby removes to this Court the state court action described below.  This removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441(a) and (b), 28 U.S.C. § 1446, and 28 U.S.C. § 1453, because this is a putative class action with more than 100 putative class members, an amount in controversy in excess of $5,000,000, and minimal diversity.

1.      On October 20, 2022, plaintiff Gregory Hessler ("Plaintiff") filed this putative class action alleging that Progressive failed to pay its insureds for diminished value under his Underinsured Motorist Property Damage ("UMPD") coverage in the State of Washington, and that Progressive's

NOTICE OF REMOVAL
PAGE 1

**CHRISTIE LAW GROUP PLLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Tel.: 206-957-9669

failure to pay for that type of loss breached its contract with its policyholders and members of the putative class. Compl. ¶¶ 1.5, 1.7–1.14, 6.1–6.5. A copy of the Complaint is attached hereto as Exhibit 1.

2.      Plaintiff seeks to prosecute this action on behalf of a putative class consisting of:

All PROGRESSIVE CASUALTY INSURANCE COMPANY insureds with Washington policies issued in Washington State, where the insured's vehicle damages were covered under the Underinsured Motorist coverage, and

1. the repair estimates on the vehicle (including any supplements) totaled at least $1,000; and

2. the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident; and

3. the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.

Compl. ¶ 5.3. Plaintiff excludes from the proposed class "(a) claims involving leased vehicles, non-owed vehicles (borrowed or rented vehicles where the insured has no ownership interest in the vehicle) or total losses, and (b) the assigned Judge, the Judge's staff and family." *Id.*

3.      Plaintiff attempts to state two causes of action for breach of contract: (1) for diminished value on behalf of the putative class; and (2) for loss of use as an individual claim. Compl. ¶¶ 5.1-7.7. Plaintiff seeks recovery on behalf of himself and the respective class for the difference between the insured vehicles' pre-loss fair market value and projected fair market value as repaired vehicles immediately after the accident, costs of suit, attorneys' fees, and post-judgment interest. *Id.* at § VIII, Prayer for Relief. On the individual claim, Plaintiff seeks to recover the value of his loss of use of the vehicle ("approximately $630," but "up to $900," *id.* at ¶¶ 7.4, 7.7), costs of suit, and post-judgment interest, *id.* at § VIII.

4.      This action was filed in the Superior Court of the State of Washington, in and for the

**CHRISTIE LAW GROUP PLLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Tel.: 206-957-9669

County of Pierce, and titled, *Gregory Hessler, individually and as the representative of all persons similarly situated v. Progressive Casualty Insurance Company*, Case No. 22-2-09668-9 (the "Action").

5.      The Action names one defendant: Progressive Casualty Insurance Company, an Ohio corporation with its principal place of business in Mayfield Village, Ohio.

6.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 101(c), Progressive will file all pleadings filed and served upon them in the Action within fourteen (14) days.

### TIMELINESS OF REMOVAL

7.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty (30) days of service.

### INTRADISTRICT ASSIGNMENT

8.      This action was originally filed in the Superior Court in and for the County of Pierce, and is therefore removable to the Tacoma Division of this District.  28 U.S.C. § 1441(a); Local Civil Rule 3(e).  In addition, a substantial part of the events Plaintiff alleges give rise to the claims in the case occurred in the District.  28 U.S.C. § 1391(b)(2).

### JURISDICTION

9.      The Action is removable to this Court, and this Court has jurisdiction, pursuant to CAFA because this suit satisfies all the requirements for jurisdiction under CAFA.

10.     **Putative class exceeds 100 members.**  The state court action qualifies as a "class action" for purposes of CAFA because it was filed as a class action pursuant to Washington law, namely, Superior Court Civil Rule 23.  28 U.S.C. § 1332(d)(1)(B).  Further, as pleaded, the class far exceeds the 100 persons specified in 28 U.S.C. § 1332(d)(5)(B).  Plaintiff estimates that the class will

**CHRISTIE LAW GROUP PLLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Tel.: 206-957-9669

include approximately 1,555 claims as of 30 days after filing, with claims that meet the proposed class criteria continuing to accumulate.  *See* Compl. ¶¶ 2.4, n.4; 5.5.

11.    **Minimal diversity exists.**  At least one putative class member is a citizen of a different state than one of the defendants.  Plaintiff is a citizen of Washington and Defendant is a citizen of Ohio for diversity purposes because it is an Ohio corporation with a principal place of business in Mayfield Village, Ohio.  28 U.S.C. § 1332(d)(2); *see also* Compl. ¶¶ 3.1-3.2.

12.    **Amount in controversy exceeds $5 million.**  The aggregate amount in controversy exceeds $5,000,000 for the entire putative class, exclusive of interests and costs.  28 U.S.C. § 1332(d)(2).

13.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). That Plaintiff alleges the amount in controversy does not exceed $5,000,0000 is of little weight because he cannot bind class members on the amount in controversy.  *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013) (holding that the plaintiff "lacked the authority to concede the amount-in-controversy issue for the absent class members" and the district court erred in relying on the stipulation).

14.    Courts in this Circuit have upheld logical extrapolations of the amounts at issue to justify CAFA removal.  *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("we conclude that Knight has produced sufficient evidence to establish by a preponderance of the evidence that the amount in controversy exceeds $5 million. We also conclude that the chain of reasoning and its underlying assumption to extrapolate fuel costs for the entire class period using the actual invoiced fuel costs of one quarter are reasonable[.]"); *Dawsey v. Travelers Indem. Co.*, No. 3:15-CV-05188-

NOTICE OF REMOVAL
PAGE 4

CHRISTIE LAW GROUP PLLC
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Tel.: 206-957-9669

RBL, 2015 U.S. Dist. LEXIS 93051, at *4 (W.D. Wash. July 16, 2015) ("The appropriate measure of the amount in controversy must be based on reasonable assumption."); *Kleinsasser v. Progressive Direct Ins. Co. and Progressive Max Ins. Co.*, No. C17-5499 BHS, 2018 U.S. Dist. LEXIS 121007, at *36-37 (W.D. Wash. July 19, 2018); *Assaf v. Progressive Direct Ins. Co.*, No. C19-6209 BHS, 2020 U.S. Dist. LEXIS 214413, at *5-6 (W.D. Wash. Nov. 17, 2020) (rejecting motion to remand in similar case brought by Plaintiff's counsel based on amount in controversy).

15.     Plaintiff alleges that Progressive improperly failed to pay for diminished value on property damage for Underinsured Motorist coverage claims. Plaintiff alleges that the proposed class "will have approximately 1,555 class members," and the damages will be on average "$1,158 per claim…" Compl. ¶ 2.4.[1] On the face of the Complaint, plaintiff alleges potential compensatory damages of "no more than $1,800,690." *Id.*

16.     Based on reasonable extrapolations, however, the potential compensatory damages are much higher based on Judge Settle's findings in *Kleinsasser*, 2018 U.S. Dist. LEXIS 121007, at *31-34, and *Assaf*, 2020 U.S. Dist. LEXIS 214413, at *6.

17.     Assuming Plaintiff's estimated class size of 1,555, Progressive satisfies the $5 million amount in controversy requirement. Plaintiff's average damages claim of $1,158 is based on a sample of Progressive claims in *Kleinsasser* to which Dr. Bernard Siskin's regression results were applied. Compl. ¶ 2.4, n.4–n.5. Siskin's regression model, however, is irrelevant to the issue of potential damages in a diminished value case such as the one plead here. *Kleinsasser*, 2018 U.S. Dist. LEXIS 121007, at *31-32; *Assaf*, 2020 U.S. Dist. LEXIS 214413, at *5-6. The average reasonable claim

---

[1] Note that this is the exact same per-claim amount Plaintiff alleged and the Court rejected as inaccurate in *Assaf*. 2020 U.S. Dist. LEXIS 214413, at *2.

**CHRISTIE LAW GROUP PLLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Tel.: 206-957-9669

value based on this same sample of Progressive claims was found by Judge Settle to be $4,198.25. *Kleinsasser*, 2018 U.S. Dist. LEXIS 121007, at *34-35; *Assaf*, 2020 U.S. Dist. LEXIS 214413, at *5-6. The potential amount in controversy for compensatory damages alone in this case is therefore $6,528,278.75.

18.     Plaintiff also seeks statutory attorneys' fees pursuant RCW 4.84.010(6) for the breach of contract cause of action. Compl. ¶ 2.5. It is unclear from the face of the complaint whether Plaintiff intends to pursue recovery of the $200 statutory prevailing party attorney fee for himself only, or for each of the class members. If Plaintiff seeks to recover $200 for each class member, that would result in an additional $482,200.00 of damages. In addition, Plaintiff notes that he may be entitled to attorneys' fees. Compl. ¶ 2.5, § VIII(d), Prayer for Relief.

19.     **None of the exceptions to CAFA jurisdiction apply.** Progressive is not a citizen of Washington, so the CAFA exceptions do not apply. *See* 28 U.S.C. § 1332(d)(3)-(4). In addition, the state court action does not involve those claims identified in the CAFA exception found at 28 U.S.C. § 1332(d)(9).

20.     Accordingly, because the CAFA requirements are met and the exceptions do not apply, this case is properly removable under CAFA.

21.     Progressive reserves, and does not waive, all of its objections or defenses related to service, jurisdiction, or venue.

22.     Pursuant to 28 U.S.C. § 1446(d), Progressive will promptly serve this Notice of Removal upon all adverse parties and shall promptly serve a copy thereof upon the clerk of the Superior Court of Washington for the County of Pierce.

23.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil

**CHRISTIE LAW GROUP PLLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Tel.: 206-957-9669

1   Procedure and Local Rule 11.23.

2

3       WHEREFORE, the above-captioned action against Progressive is hereby removed to this

4   Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and Progressive respectfully requests that

5   all further proceedings in this Action be conducted in this Court as provided by law.

6

7   Dated: November 22, 2022

8                                   Respectfully submitted,

9                           By:   */s/ Robert L. Christie*
                                  Robert L. Christie, WSBA # 10895
10                                bob@christielawgroup.com
                                  **CHRISTIE LAW GROUP PLLC**
11                                2100 Westlake Avenue N., Suite 206
                                  Seattle, WA 98109
12                                Telephone:  (206) 957-9669
                                  Facsimile:  (206) 352-7875
13
                                  ***Attorney for Defendant Progressive***
14                                ***Casualty Insurance Company***

15

16

17

18

19

20

21

22

23

24

25

26

**CHRISTIE LAW GROUP PLLC**
2100 Westlake Avenue N., Suite 206
Seattle, WA 98109
Tel.: 206-957-9669

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on November 22, 2022, I electronically filed the foregoing with the Clerk

3

of the Court using the CM/ECF system, and caused a true and correct copy of the foregoing to be
served upon the following in the manner indicated below:

4

Stephen M. Hansen, WSBA # 15642

5

LAW OFFICES OF STEPHEN M. HANSEN, P.S.
1821 Dock St., Unit 103

6

Tacoma, WA 98402
Email: steven@stephenmhansenlaw.com

7

Attorney for Plaintiff
*Via E-Mail and U.S. Mail*

8

9

Scott P. Nealey (*pro hac vice*)
LAW OFFICE OF SCOTT P. NEALEY

10

315 Montgomery Street, 10th Floor
San Francisco, CA 94104

11

Email: snealey@nealeylaw.com

12

Attorney for Plaintiff
*Via E-Mail and U.S. Mail*

13

14

15

By:   */s/ Robert L. Christie*
Robert L. Christie, WSBA # 10895

16

bob@christielawgroup.com
**CHRISTIE LAW GROUP PLLC**

17

2100 Westlake Avenue N., Suite 206
Seattle, WA 98109

18

Telephone:  (206) 957-9669
Facsimile:  (206) 352-7875

19

20

***Attorney for Defendant Progressive
Casualty Insurance Company***

21

22

23

24

25

26

CERTIFICATE OF SERVICE
PAGE 1