UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY HESSLER,<br><br>                Plaintiff,<br>   v.<br><br>PROGRESSIVE CASUALTY<br>INSURANCE COMPANY,<br><br>                Defendant. | CASE NO. 3:22-cv-05904-RJB<br><br>ORDER ON MOTION TO<br>REASSIGN OR TRANSFER CASE |

      This matter comes before the Court on the Defendant's Motion to Reassign or Transfer Case. Dkt. 10. The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

      The Plaintiff filed this putative class action on October 20, 2022, asserting breach of contract claims relating to underinsured motorists property damage provisions in Defendant's insurance contracts and its alleged failure to pay for the diminished value of damaged vehicles. Dkt. 1-1. On November 22, 2022, the Defendant removed this case from Pierce County, Washington Superior Court. Dkt. 1.

On November 28, 2022, the Defendant filed a Notice of Related case, indicating that this case is potentially related to cases currently pending or formerly pending in the U.S. District Court for the Western District of Washington at Tacoma before the Honorable Benjamin H. Settle: *Mohammed M. Assaf v. Progressive Direct Insurance Company*, Case Number 3:19-cv-06209-BHS ("*Assaf*") and *Kleinsasser v. Progressive Direct Ins. Co. and Progressive Max Ins. Co.*, No. 3:17-cv-05499-BHS ("*Kleinsasser*"). Judge Settle declined to take this case as a related case.

On December 13, 2022, the Defendant filed the instant motion to transfer this case to Judge Settle. Dkt. 10. The Defendant argues that the cases are similar and should be handled by a single judge familiar with the facts and law at issue in this case. *Id.*

## DISCUSSION

Although the Plaintiff has filed a motion challenging this Court's jurisdiction, the motion to reassign the case is an intra-district transfer, which is an administrative action. *Assaf,* Dkt. 21 at 1. A decision on this motion is permissible. *Id.* This court has "broad discretion regarding the assignment or reassignment of cases." *Badea v. Cox,* 931 F.3d 573, 575 (9th Cir. 1991).

The motion (Dkt. 10) should be denied. There is no basis to transfer the case. There are no overlapping plaintiffs in this case and in *Assaf* or *Kleinsasser*. The Defendant in this case is a different than the defendants in the other two cases. While the issues are similar, judges in this court often consider similar issues. Also, Judge Settle's decision binds this decision. The Motion to Reassign or Transfer Case (Dkt. 10) should be denied.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

ORDER ON MOTION TO REASSIGN OR TRANSFER CASE - 2

Dated this 19th day of January, 2023.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION TO REASSIGN OR TRANSFER CASE - 3